IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DANIEL MARTIN GESIN | § | |
| | § | |
| Plaintiff | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | |
| | § | Complaint |
| NPAS SOLUTIONS LLC | § | |
| | § | And |
| | § | |
| Defendant | § | Demand for Jury Trial |
| | § | |
| | § | |
| | § | |

## COMPLAINT

COMES NOW the Plaintiff, DANIEL MARTIN GESIN, (hereinafter the "Plaintiff"), by Counsel, Dennis McCarty, and for his complaint against the Defendant, NPAS SOLUTIONS LLC, alleges as follows:

## PRELMINARY STATEMENT

1. This an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 USC §1692 et seq. (Fair Debt Collection Practices Act).

## JURISDICTION

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

## VENUE

1

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred, as well as a substantial part of the property that is subject to this action is located, in this Judicial District.

## PARTIES

4. Plaintiff is a natural person and is a resident and citizen of Dallas County, the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, NPAS Solutions LLC (hereinafter "NPAS") is a "debt collector", as defined by 15 U.S.C §1692a(6); and is engaged in business the purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is a foreign limited liability company currently doing business in Texas and may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

7. In August 2015, Defendant contacted NPAS regarding the debt NPAS reported as account number ******64734 and offered to make payment of $3,164 as a full payment to a zero balance of the $6,329 amount listed for the debt. NPAS agreed to the $3,164 amount offered to extinguish the debt balance to zero due and agreed to

report the balance of the debt as zero. On August 24 2015, Mr. Gesin completed payment in full of the $3,164 agreed amount.

8. In December 2015, Defendant applied for a mortgage and his credit report was pulled. That credit report revealed that not only was the NPAS account number ******64734 <u>not</u> reporting the agreed upon zero balance, it showed a PAST DUE balance of $3,164.

9. Even though this debt was paid in full to a zero balance on or about August 24, 2015, NPAS reported a balance due of $3,164, as well as $3,164 <u>past due</u> balance to Defendant's Experian credit report in September 2015. That false and misleading reporting, showing a $3,164 PAST DUE balance, was still on Defendant's credit report pulled on December 1, 2015. NPAS was attempting to collect $3,164 from Plaintiff on a debt whose true and correct balance was zero, by reporting this amount as due and owing for the account on Plaintiff's credit report.

10. Even though this debt was paid in full to a zero balance on or about August 24, 2015, NPAS is continuously up to the date of this filing, falsely and misleadingly representing the amount and legal status of the debt by reporting it as having a past due balance when it was paid in full and should have a zero balance.

11. Even though this debt was paid in full to zero balance on or about August 24, 2015, NPAS is continuously up to the date of this filing, threatening an illegal action by attempting to collect a debt that they couldn't legally collect because the debt was already paid. Reporting the account on Plaintiff's credit report is a debt collection activity.

12. NPAS, initially in its September 2015 reporting, and continually to the date of

3

this filing, is falsely and misleadingly representing the character and legal status of this debt by reporting it as having a balance due of $3,164, as well as a $3,164 past due balance and as being Defendant's legal obligation to pay when in fact the debt was paid to zero balance.

13. Defendant NPAS, initially and continually up to the date of this filing, communicated credit information which it knew or should have known was false when it reported the "collection" account with zero balance as a current account with a past due $3,164 balance to credit reporting agencies as being Defendant's obligation to pay when in fact the debt was paid in full to a zero balance.

14. Defendant NPAS used unfair and unconscionable means to collect a debt by attempting to collect its account number ******64734 by reporting it to credit repositories as due and owing when that alleged debt had in fact been paid in full to a zero balance.

15. Because of the negligent and/or willful actions of NPAS, Plaintiff's credit score has been negatively affected.

16. Because of this, the Plaintiff has suffered damages and future damages that have yet to be determined.

17. Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit, and the inaccurate information furnished by NPAS is continuing to damage the Plaintiff's credit rating.

18. As a result of NPAS's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite future, all to Plaintiff's great detriment and loss.

19. As a result of NPAS's conduct, Plaintiff has suffered actual damages and will continue to suffer in the future, all to Plaintiff's great detriment and loss.

20. At all times pertinent hereto, Defendant NPAS was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

21. At all times pertinent hereto, the conduct of the Defendant NPAS, as well as that of their agents, servants and/or employees, demonstrated reckless disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

22. Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

23. Plaintiff's suit is based upon the Defendant's violation of the Fair Debt Collection Practices Act (FDCPA).

24. Plaintiff suffered damages from the Defendant's violations of the FDCPA.

### COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

5

26. Defendant NPAS attempted to collect an alleged debt from Plaintiff by reporting the alleged debt on Plaintiff's credit report.

27. FDCPA violations alleged herein as arising from NPAS's **reporting** of the "collection" debt to credit repositories rely on the premise that reporting alleged debts to credit bureaus is a debt collection activity. *Please see Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011) (This Court finds the FTC's reasoning persuasive. This Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver. Consistent with the views of the FTC—and consistent with the views expressed in *Purnell, Quale,* and *Semper*—the Court finds that Midland was engaged in "collection of the debt" in violation of § 1692g(b) when it reported Edeh's disputed debt to the CRAs before sending verification of that debt to Edeh.); *see also Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011)(The FTC explains, "the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls."); *see also Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) (The term "communication" is given a very broad definition in the act. It means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). One commentator has remarked that "[t]his provision recognizes that reporting a debt to a credit reporting agency is "a powerful tool designed, in part, to wrench compliance with payment terms ...." Hobbs, § 5.5.10, p. 170–71 (citing *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R.1993) & *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991)). *See Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320, 1331

(D.Utah 1997). Because reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of § 1692e(8) can subject a debt collector to liability under the FDCPA.)

28. Defendant NPAS violated Federal Statute 15 U.S.C. §1692e(2)(A) by falsely and misleadingly representing the amount and legal status of its account number ******64734 debt by reporting it as having a balance due when it was paid in full and should have a zero balance. Not only did NPAS <u>not</u> report the agreed upon true and correct zero balance, it reported a PAST DUE balance of $3,164.

29. Defendant NPAS violated Federal Statute 15 U.S.C. §1692e(8) when it communicated credit information which it knew or should have known was false when it reported its account number ******64734 with a balance due of $3,164, as well as PAST DUE balance of $3,164 when it had accepted an agreed upon settlement payment in full to bring the balance to zero, and therefore should reported the true and accurate balance of zero. Because reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of §1692e(8) can subject a debt collector to liability under the FDCPA.

30. NPAS's alleged violations of 15 U.S.C. 1692e(5), arising from NPAS's reporting of the "collection" debt, rely on the Fifth Circuit ruling that to "threaten an illegal" action under 15 U.S.C. 1692e(5) is covered when the action is completed. It doesn't just have to be a "threat" but occur when the action is performed. Here Defendant did attempt to collect by reporting the alleged debt that was already paid. *Please see <u>Harrington v. CACV of Colorado, LLC</u>, 508 F. Supp. 2d 128, 136 (D. Mass.*

2007) (The Fifth Circuit and district courts in the Sixth and Ninth Circuits have held that § 1692e(5) covers completed illegal acts as well as the threats to commit those acts. *See Poirier v. Alco Collections, Inc.,* 107 F.3d 347, 350-51 (5th Cir.1997)); <u>Marchant v. U.S. Collections West, Inc.,</u> 12 F.Supp.2d 1001, 1006 (D.Ariz.1998) ("defendants assert that they made no threat; they simply took action. I think that such argument elevates form over substance. To argue that a collection agency can avoid the strictures of the FDCPA simply by acting where it has no legal authority ... would defy the very purposes of the section.)

31. Since August 2015, when the NPAS debt was paid in full to a zero balance, NPAS has continuously and up to the date of this filing, violated Federal Statute 15 U.S.C. §1692e(5) by threatening an illegal action when they attempted to collect a debt by reporting which they could not legally collect because the debt was already paid.

32. The section entitled *"False or misleading representations"* under 15 U.S.C. §1692e reads:

> *(2)(A) The false representation of the character, amount or legal status of any debt;*

> *(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*

and;

> (*8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.*

and;
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

And;

The section entitled *"Unfair practices"* under 15 U.S.C §1692f reads:

8

*A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.*

33. Defendant NPAS violated Federal Statute 15 U.S.C. §1692f when it used unfair and unconscionable means to collect a debt by attempting to collect $3,164 for account number ******64734 from Mr. Gesin by reporting, when that alleged debt had in fact been paid in full and had a true and correct balance of zero.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant based on the following requested relief:

a. Actual damages against Medicredit pursuant to 15 U.S.C. §1692k;

b. Statutory damages against Medicredit pursuant to 15 U.S.C. §1692k;

c. Costs and reasonable attorney's fees against Medicredit pursuant to 15 U.S.C. §1692k; and

d. Such other and further relief as may be necessary, just and proper.

Dated: March 10, 2016

                                              Respectfully submitted,

                                              /s/Dennis McCarty
                                              Dennis McCarty
                                              ATTORNEY FOR PLAINTIFF
                                              Mississippi Bar No. 102733
                                              P.O. Box 111070
                                              Carrollton, TX., 75011
                                              Telephone: 817-704-3375
                                              Fax (817) 887-5069

dmccartylaw@att.net

10